**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

ANDREY ERMOLAEV, a foreign individual

                Plaintiff,

vs.

HAPPY LAND FL, LLC., INNOVATIVE TECHNOLOGIES & CONSULTING LIMITED CORP., SERGEY SLASTIKHIN, and SVETLANA SLASTIKHIN

                Defendants.

Case No: 1:20cv24480

Complaint for Damages

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff, ANDREY ERMOLAEV, by and through his undersigned counsel states his complaint against Defendants, HAPPY LAND FL, LLC., INNOVATIVE TECHNOLOGIES & CONSULTING LIMITED CORP., SERGEY SLASTIKHIN, and SVETLANA SLASTIKHIN and allege, upon facts, information, and belief, the following:

### PARTIES

1. At all times material hereto, Plaintiff ANDREY ERMOLAEV is a resident and citizen of the Russian Federation.

2. HAPPY LAND FL, LLC. is a defunct limited liability company, with its principle place of business in 1920 E HALLANDALE BEACH BLVDSUITE 808

1

HALLANDALE BEACH, FL 33009. No known members of Happy Land FL, LLC. reside in the Russian Federation.

3. INNOVATIVE TECHNOLOGIES & CONSULTING LIMITED CORP. is an "inactive" company that is headquartered in Hong Kong, China. However, its principle place of business is 3323 NE 163RD STREET SUITE 405 NORTH MIAMI BEACH, FL 33160, and a mailing address of 1920 E HALLANDALE BEACH BLVD SUITE 808 HALLANDALE BEACH, FL 33009.

4. SERGEY SLASTIKHIN and SVETLANA SLASTIKHIN are married, reside and are domiciled in 16436 NE 32ND AVE NORTH MIAMI BEACH, FL 33160. Mr. Slastikhin had a cosmetology license that expired last year, linked to the address 15811 COLLINS AVE APT 3706 SUNNY ISLES BEACH, FL 33160

## JURISDICTION AND VENUE

5. Jurisdiction is proper in this Court because this is an action for damages that exceeds $75,000.00

6. Venue is also proper because all of the acts and omission complained of herein occurred and will continue to occur in Miami-Dade County, Florida.

7. All Defendant individuals and entities maintain their domicile and/or principle places of business in Miami-Dade County, Florida. All conditions precedent to filing this case have been complied with or waived by the Defendants.

## BACKGROUND FACTS AS IT PERTAINS TO SERGEY SLASTIKHIN

8. Mr. Slastikhin, along with his wife, were born in the Russian Federation where they lived and work as a commercial real estate developer with the company Engineering Systems.

9. Engineering Systems was a company owned by Mr. Slastikhin, who primarily worked on development projects for the Roscosmos State Corporation for Aviation Activities ("Roscosmos"). Roscosmos is the Russian state-owned agency, equivalent to NASA in the United States, and is responsible for space flights, cosmonautics programs, airplane research, and military research.

10. Engineering Systems was paid large amounts of money - tens of millions of dollars to do construction work at Roscosmos. In doing so, the Federal Security Service ("FSB"), the modern equivalent to the KGB, granted a license to Mr. Slastikhin and his company to access state secrets of the Russian Federation.

11. Using Russian State Secrets, Engineering Systems embezzled the tens of millions of dollars paid to them, and fled the Russian Federation to the United States.

12. At this point, Engineering Systems has declared bankruptcy in the Russian Federation, and Mr. Slastikhin has been formally arrested in absentia and charged with fraud, among other things.

13. Upon coming to the United States, Mr. Slastikhin and his wife endeavored to open up a slew of companies. Some of those companies are as follows:

   a.  ES DEVELOPMENT, LLC

   b.  TAXIMETA LLC

   c.  ES IT MOTION, LLC

   d.  LIKEITBEST LLC

   e.  ES IT EVOLUTION LLC

   f.  ENGINEERING SYSTEMS AMERICA, INC.

   g.  ES MIAMI HOLIDAY, INC.

   h.  ES AMERICAN FINANCE, INC.

14. Sergey Slastikhin and Svetlana Slastikhin's primary company is SVM-MED, LLC., which is a Florida limited liability company which offers pregnancy management, particularly as it relates to soliciting pregnant Russian women to give birth in the United States.

15. SVM-MED, LLC. has partners on its website, all run by Sergey and Svetlana Slastikhen, mostly related to lifestyle branding, such as the purchase of obtaining luxury apartments, luxury vehicles, passport and immigration service, etc. These services are based in a series of "package" that range from $700.00 to $17,000.00 for a three-month period.

16. Moreover, the Slastikhin family, engage in a series of activities that are unscrupulous in nature, such as entering into agreements with individuals regarding the lease of vehicles, and passing them off as "purchased" vehicles. The scheme is relatively simple, Sergey and Svetlana, approach a wealthy Russian individual and claim that they will make their lives easier. One of those services is the procurement of a luxury vehicle. Sergey and Svetlana will take money for the purchase of a new vehicle, and instead, lease that vehicle. Sergey and Svetlana will create a fake registration with the victim's credentials, all making it look like a true purchase.

17. To make matters worse, Sergey and Svetlana do not even use their real names or business entitles, they pay non-parties to register the cars under their names.

## FACTS AND ALLEGATIONS

18. Around July and April, Plaintiff entered into a series of "Consulting Agreements" for the purpose of establishing and researching potential business

opportunities in the United States, as well as provide for Mr. Ermolaev's significant other, Anastasiia Utiuzh.

19. All of these agreements were identical, with the only difference being the amount paid for services.[1]

20. In furtherance of these agreements, Plaintiff was sent, and paid, seven invoices totaling $1,012,124.00 to the Defendants. See Composite Exhibit D for Partial Invoices. Despite the language of the invoice, Defendants never did what they were contracted to do. There was no advertising, no filing fees, no development, no support, and nothing else that was promised, billed, and paid for.

21. Notwithstanding the above, Sergey and Svetlana Slastikhen were supposed to purchase two automobiles for Mr. Ermolaev, with the intent that Mr. Ermolaev would use these vehicles when in the United States. While he is not in the United States, Mr. Ermolaev's significant other would use these vehicles for her pleasure.

22. On February 18, 2020, a Mercedes Benz G63 AMG with a VIN of WDCYC7HJ2KX317444 was supposed to be purchased from Svetlana Stastikhin. Although an exact amount is not available to undersigned at writing this Complaint, Plaintiff paid Svetlana Stastikhin roughly $150,000.00 for the vehicle.

---

[1] The Consulting Agreement between Ermolaev and Innovative Technologies & Consulting Limited Corp executed on April 12, 2019 and a compensation sum of $165,905.00 is attached as Exhibit A. The Consulting Agreement between Ermolaev and Innovative Technologies & Consulting Limited Corp executed on April 30, 2019 with a contract sum of $37,214.00 and executed on April 30, 2019 is attached as Exhibit B. The Consulting Agreement between Ermolaev and Happy Land FL LLC executed on July 8, 2019 with a contract sum of $201,654.00 is attached as Exhibit C.

23. The registration that was provided to me by Svetlanan Statikhin was a fake registration.

24. All of the vehicle information, as well as the DL/FEID fields on the duplicate registration belong to Svetlana Slastikhein, except for the owner information that was printed as: Anastasiia Utiuzh, 10203 Collins Avenue, Apt 303 Bal Harbour, Florida 33154.

25. It turned out, even after taking the money, Svetlana Slastikhin, and Sergey Slastikhin, aiding Svetlana Slastikhin, simply took the money and ran, as it was soon discovered that the lease was in default.

26. Ms. Utiuzh was sued by Luxury Lease Company in Miami-Dade County under case number 2020-005567-CA-01. In order to obtain the car, and have the lawsuit dismissed against Mr. Utiuzh, Plaintiff arranged, through his attorney and the attorney of Luxury Lease Company, to have Mercedes Benz of Coral Gables purchase the vehicle, and then instigate a transfer of money to formally obtain ownership of the vehicle. Plaintiff followed through with his plan to the tune of $165,000.00.

27. In that regard, Plaintiff paid twice, totaling over $300,000.00 for one vehicle.

28. This same type of scheme was done with a Mercedes-Benz GLE 450, VIN 4JGFB5KB6LA069219

**ALTER EGO – PIERCING THE CORPORATE VEIL**

29. Sergey Slastikhin is personally labile for any of the bad deeds conducted by HAPPY LAND FL LLC and INNOVATIVE TECHNOLOGIES & CONSULTING LIMITED CORP. because Sergey Slastikhin dominated and controlled the respective corporate entities to such an extent, that the business

entities were non-existent. Mr. Slastikhin and his wife used Happy Land FL LLC and. Innovative Technologies & Consulting Limited Corp to steal money from Andrey Ermolaev to the tune over a million dollars. These funds went straight into the coffers of Sergey Slastikhin and his wife, Svetlana Slastikhin.

30.   The corporate form of HAPPY LAND FL LLC and INNOVATIVE TECHNOLOGIES & CONSULTING LIMITED CORP. had no other purpose than to be used for the improper purpose of scamming Andrey Ermolaev, Anastasiia Utiuzh, and others out of millions of dollars.

31.   The fraudulent activity perpetrated by Sergey and Svetlana Slastikhin, through their corporate entities, HAPPY LAND FL LLC and INNOVATIVE TECHNOLOGIES & CONSULTING LIMITED CORP., caused direct and proximate pecuniary harm to Andrey Ermolaev.

## FACTS AS THEY PERTAIN TO RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT ("RICO")

32.   The Organized Crime Control Act (RICO) was enacted by Congress in an effort "to provide new weapons of unprecedented scope for an assault upon organized crime and its economic roots."

33.   The statute provides a private civil remedy to persons injured in their business or property "by reason of" a substantive violation.

34.   RICO outlaws four types of activities:

   a.   (1) Section 1962(a) prohibits a person from investing in an enterprise any income derived from a pattern of racketeering activity;

   b.   (2) Section 1962(b) prohibits a person from using a pattern of racketeering activity to acquire or maintain control over an enterprise;

    c.  (3) Section 1962(c) prohibits a person from conducting the affairs of an

        enterprise through a pattern of racketeering; and (4) Section 1962(d)

        prohibits a person from conspiring to violate §§ 1962(a), 6 (b), or (c).

35. "Racketeering activity" is an element common to all of RICO's prohibitions.
Congress defined "racketeering" activity to include a variety of state and federal
predicate crimes.

36. As it pertains to any and all RICO claims, an enterprise includes any union or
group of individuals associated in fact. As such, Sergey Slastikhin and Svetlana
Slastikhin have worked together to commit various patters of racketeering
activity. Clearly, both Svetlana Slastikhin and Sergey Slastikhin are separate and
distinct individuals, that conduct their nefarious deeds together to further the
enterprises affairs. The enterprise that they further is HAPPY LAND FL,
INNOVATIVE TECHNOLOGIES & CONSULTING LIMITED CORP., SVM-
MED, LLC. and other entities under their control, along with other co-
conspirators.

37. The key to distinctness depends less on whether the corporations are separate in
the formal legal sense and more on whether the corporations are free to act
independently of each other and to advance their own separate interests. It is
shown that Svetlana and Sergey Slastikhin are more than distinctive individuals
legally, but also "in spirit as well." Both of them engage, separately, in a pattern
of racketeering activity through various entities for the benefit of the overall
enterprise.

38. For example, both Sergey Slastikhin and Svetlana Slastikhin engage in a pattern
of racketeering activity as it pertains to Wire Fraud, having devised or intending

to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses. Sergey Slastikhin, using various entities, convinced Andrey Ermolaev to wire over one million dollars under the fraud of a consulting agreement. As it turned out, Mr. Slastikhin did nothing that he was contracted to do. Next, Ms. Svetlana Slastikhin, acting individually, but also in concert with the overall "criminal enterprise," forged vehicle registrations, and used those forgeries to obtain money from Mr. Andrey Ermolaev. Both Sergey Slastikhin and Svetlana Slastikhin solicited wire transfers, and therefore it was foreseeable that wires would be used.

39. This same activity as mentioned in paragraph 38 leads to the obvious conclusion that Ms. Sergey and Svetlana Slastikhin violated federal law as it relates to fraud in connection with identifying documents and information. Svetlana Slastikhin forged documents in connection with a series of automobiles, all to create a fraud in order to procure substantial pecuniary gain.

40. All of the aforementioned racketeering activities result from the intent to defraud Andrey Ermolaev, and potentially many others like him.

41. Ultimately, it is clear that both Sergey and Svetlana Slastikhin committed wire fraud

42. The predicate acts of wire fraud, forging documents, and other general criminal activity by Sergey and Svetlana Slastikhin has been occurring for years, both overseas and in the United States. This is notwithstanding the "birthing tourism" that Sergey and Svetlana Slastikhin have engaged in under the SVM-MED company.

## COUNT I – CIVIL THEFT
## (PLAINTIFF AGAINST SERGEY SLASTIKHIN AND SVETLANA SLASTIKHIN)

43. Plaintiff incorporates and re-alleges count 1-42 and states the following in support:

44. Both Sergey and Svetlana Slastikhin have knowingly and permanently deprived Andrey Ermolaev of fungible property that belongs to him when they took his money and failed to deliver the aforementioned Mercedes G63 AMG and the Mercedes GLE 450.

45. Both Sergey and Svetlana had felonious intent to deprive Andrey Ermolaev of funds that belonged to him.

**WHEREFORE**, Plaintiff demands actual damages, treble damages, attorney's fees, and any other relief that is appropriate under the law.

## COUNT II – CONVERSION – PLEAD ALTERNATIVELY
## (PLAINTIFF AGAINST SERGEY SLASTIKHIN AND SVETLANA SLASTIKHIN)

46. Plaintiff incorporates and re-alleges count 1-42 and states the following in support:

47. Plaintiff has an ownership interest in the money that he sent to Defendants. Defendant Sergey and Svetlana Slastikhin, through their companies, charged Plaintiff money for services that Plaintiff never contracted for.

48. Defendant Sergey and Svetlana Slastikhin, through their companies, committed wrongful acts inconsistent with the property rights of the Plaintiff.

49. As a direct and proximate cause of Defendant Sergey and Svetlana Slastikhin, through their companies, Plaintiff was damaged in a pecuniary fashion.

**WHEREFORE**, Plaintiff demands actual damages and whatever relief is just and proper for Defendants' conduct.

**COUNT III- BREACH OF CONTRACT**
**(PLAINTIFF AGAINST HAPPY LAND FL, LLC. and INNOVATIVE**
**TECHNOLOGIES & CONSULTING LIMITED CORP)**

50. Plaintiff incorporates and re-alleges count 1-42 and states the following in support:

51. Plaintiff had valid contracts with HAPPY LAND FL, LLC. and INNOVATIVE TECHNOLOGIES & CONSULTING LIMITED CORP. for consulting services, as shown in Exhibit A, B, and C of this Complaint.

52. Plaintiff paid money per invoices from each respective corporate entity, but did not receive the services that were billed and paid for on the invoices.

53. Defendants not providing services is a material breach of the various contracts that Plaintiff entered into.

54. As a direct and proximate cause of Defendants breaching the three respective contracts, Plaintiff suffered pecuniary harm.

WHEREFORE, Plaintiff demands actual damages and whatever relief is just and proper for Defendant's breach of contract.

**COUNT IV – BREACH OF CONTRACT PIERCING THE BUSINESS ENTITY**
**(PLAINTIFF AGAINST SERGEY SLASTIKHIN AND SVETLANA**
**SLASTIKHIN)**

55. Plaintiff incorporates and re-alleges count 1-42 and states the following in support:

56. Moreover, Plaintiff incorporates the allegations in Count III of this Complaint in this instant Count.

57. Sergey Slastikhin is personally labile for any of the bad deeds conducted by HAPPY LAND FL LLC and INNOVATIVE TECHNOLOGIES & CONSULTING LIMITED CORP. because Sergey Slastikhin dominated and controlled the respective corporate entities to such an extent, that the business entities were non-existent. Mr. Slastikhin and his wife used Happy Land FL LLC and. Innovative Technologies & Consulting Limited Corp to steal money from Andrey Ermolaev to the tune over a million dollars. These funds went straight into the coffers of Sergey Slastikhin and his wife, Svetlana Slastikhin.

58. The corporate form of HAPPY LAND FL LLC and INNOVATIVE TECHNOLOGIES & CONSULTING LIMITED CORP. had no other purpose than to be used for the improper purpose of scamming Andrey Ermolaev, Anastasiia Utiuzh, and others out of millions of dollars.

59. The fraudulent activity perpetrated by Sergey and Svetlana Slastikhin, through their corporate entities, HAPPY LAND FL LLC and INNOVATIVE TECHNOLOGIES & CONSULTING LIMITED CORP., caused direct and proximate pecuniary harm to Andrey Ermolaev.

**WHEREFORE**, Plaintiff demands actual damages and whatever relief is just and proper for Defendant's breach of contract.

## COUNT V – FRAUD
## (PLAINTIFF AGAINST SERGEY SLASTIKHIN AND SVETLANA SLASTIKHIN)

60. Plaintiff incorporates and re-alleges count 1-42 and states the following in support:

61. Defendant Sergey and Svetlana Slastikhin knew their statements were not true when they offered procure the Mercedes-Benz GLE and the Mercedes-Benz G63 AMG.

62. Instead of purchasing the vehicles, they leased them, took money from Plaintiff as if Defendants were purchasing new vehicles, and left Plaintiff with vehicles that did not truly belong to him. This prompted Plaintiff to have to re-purchase the same Mercedes-Benz G63 AMG from Mercedes Benz of Coral Gables.

63. Defendants had the intention to deprive Plaintiff of his funds, and this is proven by Defendants giving Plaintiff's significant other two fake registrations.

64. Plaintiff relied on Defendant's misstatements, and that misstatement and fraud caused the actual and proximate harm that Plaintiff experienced.

**WHEREFORE**, Plaintiff demands actual damages, compensatory damages, attorney's fees and costs, and any other relief that is just and proper.

### COUNT VI – VIOLATION OF RICO (18 U.S.C. 1962(c) (PLAINTIFF AGAINST SERGEY SLASTIKHIN AND SVETLANA SLASTIKHIN)

65. Plaintiff incorporates and re-alleges count 1-42 and states the following in support:

66. 18 U.S.C. 1962(c) holds that

> *"It shall be unlawful for any person through a pattern of racketeering*
> *activity or through collection of an unlawful debt to acquire or maintain,*
> *directly or indirectly, any interest in or control of any enterprise which*

> *is engaged in, or the activities of which affect, interstate or foreign commerce."*

67. Sergey and Svetlana Slastikhin are "people" under the definition of a "person" under 18 U.S.C. 1962(c). Sergey and Svetlana Slastikhin work together, but are distinct from one another in order to perform racketeering acts under Happy Land FL LLC., INNOVATIVE TECHNOLOGIES & CONSULTING LIMITED CORP., and other entities not named in this instant action.

68. Next, Sergey and Svetlana Slastikhin have conducted a pattern of racketeering activities, including, but not limited too: Wire Fraud, fraud as it relates to identification documents, and mail fraud. These three racketeering activities were done in relatively close proximity to one another.

69. Moreover, on information and belief, Sergey and Svetland Slastikhin have also committed other racketeering activities such as money laundering through their multiple entities, as well as laws violating the use and procurement of passports or citizenship through their SVM-MED, LLC. entity, which is a supporter of birth tourism from the Russian Federation. Although the activities stated in this chapter did not cause harm to Plaintiff, it is clear that Sergey and Svetlana Slastikhin have conducted themselves with fraudulent intent, both in the United States and abroad.

70. In that stead, Defendants has used the enterprise of Happy Land FL LLC., INNOVATIVE TECHNOLOGIES & CONSULTING LIMITED CORP, and other entities to establish and propagate their racketeering activities, through interstate commercial, which have resulted in direct and proximate harm to Plaintiff.

71. Moreover, based on the prior conduct of Defendants in the United States and
abroad, it is clear that there is a threat of a continuing criminal conduct,
making the conduct of Defendants a "closed end scheme."

**WHEREFORE**, Plaintiff requests that this Court enter judgment against the Defendants
as follows actual damages, treble damages, attorney's fees, and any other relief that is
allowed when a Defendant has violated 18 U.S.C. 1962(c).


Dated: October 30, 2020


Respectfully submitted,

Law Offices of Andre G. Raikhelson, LLC.
*Counsel for Plaintiff*
301 Yamato Road
Suite 1240
Boca Raton, FL 33431
Telephone:      (954) 895-5566
Primary Email: arlaw@raikhelsonlaw.com
Secondary email: a.raikhelson@icloud.com

/s/ Andre G. Raikhelson
Andre G. Raikhelson, Esq.
Bar Number: 123657