UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 20-24480-CIV-CANNON/Otazo-Reyes

**ANDREY ERMOLAEV**,

 Plaintiff,

v.

**HAPPY LAND FL, LLC, et al.**,

 Defendants.

_____/

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO DISMISS**

**THIS MATTER** comes before the Court on Defendants' Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 18]. The Court has reviewed the Motion, Plaintiff's Response in Opposition [ECF 20], and Defendants' Reply in Support [ECF No. 21]. The Court also held a hearing [ECF No. 40] on Defendants' Motion on April 12, 2021. The Court has carefully reviewed the record, the applicable law, and is otherwise fully advised in the premises. Following that review, Defendants' Motion to Dismiss is **GRANTED IN PART** pursuant to Rule 12(b)(6) but **DENIED IN PART** as to Rules 12(b)(7) and (f). Plaintiff's Amended Complaint is therefore **DISMISSED WITHOUT PREJUDICE**. As indicated below, Plaintiff will have one final opportunity to file his complaint on or before **May 7, 2021**.

 **I.** **Background**

In April and June of 2019, Plaintiff Andrey Ermolaev, a resident and citizen of Russia, signed a series of consulting agreements with Defendants Happy Land FL, LLC ("Happy Land") and Innovative Technologies & Consulting Limited Corporation ("Innovative") to receive research on potential business opportunities, and to procure housing and vehicles for his use when visiting the United States [ECF No. 15 ¶ 18]. According to the Amended Complaint, Happy Land is a

defunct corporation that had its principal place of business in Hallandale, Florida [ECF No. 15 ¶ 2], and Innovative is an "inactive" company headquartered in China, with a principal place of business in North Miami Beach, Florida [ECF No. 15 ¶ 3]. Plaintiff alleges that Defendant Sergey Slastikhin was the sole officer for these corporations [ECF No 15 ¶¶ 35-36].

The Amended Complaint describes how Defendants Sergey Slastikhin and his wife Svetlana Slastikhin promised to procure two specific vehicles for Plaintiff: a Mercedes-Benz G63 and a Mercedes-Benz GLE 450 [ECF No. 15 ¶ 21- 23, 31]. Plaintiff alleges that, on February 18, 2020, he sent approximately $150,000 to the Slastikhins to purchase the Mercedes-Benz G63 [ECF No. 15 ¶ 23]. Although the Slastikhins delivered the Mercedes-Benz G63, the vehicle was, in fact, still owned by a third party, Luxury Lease Company, which had leased the vehicle to Svetlana Slastikhin [ECF No. 15 ¶ 27].

Plaintiff discovered the discrepancy when Luxury Lease Company sued Svetlana Slastikhin for defaulting on the lease, as well as Plaintiff's girlfriend, Anastasiia Utiuzh, who was in possession of the vehicle while Plaintiff was in Russia [ECF No. 15 ¶ 27]. Not only did Plaintiff lack clear title of the vehicle, he learned that the Slastikhins had sent him two forged car registrations [ECF No. 15 ¶ 24]. As such, Plaintiff was forced to pay $165,000 to purchase the Mercedes-Benz G63 from the leasing company, losing out on his original payment of roughly $150,000 [ECF No. 15 ¶ 29]. Plaintiff alleges in general terms that "[t]his same type of scheme was done with a Mercedes-Benz GLE 450, VIN 4JGFB5KB6LA069219" [ECF No. 15 ¶ 31]. In total, Plaintiff alleges that he paid $1,012,124.00 to Defendants under the consulting agreements, but "Defendants never did what they were contracted to do" [ECF No. 15 ¶ 20].

Based on these allegations, the Amended Complaint asserts the following five claims under Florida common law:

1. Count 1 – Civil Theft (Against Sergey Slastikhin and Svetlana Slastikhin);

2. Count 2 – Conversion (Against Sergey Slastikhin);

3. Count 3 – Breach of Contract (Against Happy Land and Innovative);

4. Count 4 – Breach of Contract Piercing the Business Entity (Against Sergey Slastikhin and Svetlana Slastikhin); and

5. Count 5 – Fraud (Against Sergey Slastikhin and Svetlana Slastikhin).

On February 8, 2021, Defendants filed the instant Motion to Dismiss the Amended Complaint. Defendants move to dismiss all counts except for Count 3 pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants also move to dismiss the entire complaint for failure to join a party under Rule 12(b)(7) and to strike particular allegations in the complaint under Rule 12(f).

**II.     Legal Standard**

    **A.     Motion to Dismiss Standard under Rule 12(b)(6)**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. The Court must accept the plaintiff's allegations as true and construe them in the light most favorable to the Plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008); *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007). But a Court need not take allegations as true if they are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678; *see Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013).

### B. Rule 9(b) Pleading Standard

Federal Rule of Civil Procedure 9(b) imposes heightened pleading requirements in cases alleging fraud or mistake. Fed. R. Civ. P. 9(b). Under Rule 9(b), "a party must state with particularity the circumstances constituting fraud or mistake," although "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Id.* The Eleventh Circuit has held that Rule 9(b) is satisfied if the complaint sets forth

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (quoting *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997)). In short, "under Rule 9(b) a plaintiff must plead the who, what, when, where, and how of the allegedly false statements." *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1237 (11th Cir. 2008).

### III. Discussion

#### A. Motion to Dismiss under Rule 12(b)(7) for Failure to Join a Party

Defendants move to dismiss the Amended Complaint on the ground that Plaintiff failed to join a required party—Ms. Utiuzh [ECF No. 18, pp. 1, 11-16]. As alleged in the Amended Complaint and reflected in the attached declarations submitted by Defendants, Ms. Utiuzh is Plaintiff's girlfriend [ECF No. 15 ¶ 27; ECF No. 33-1 ¶ 1]. In a Declaration filed in state court, Ms. Utiuzh stated that she was given possession of the Mercedes-Benz G63 "from Slastikhin and her company for $150,000, and that they were helping me to establish credit in the United States" [ECF No. 33-1 ¶¶ 6, 8].

Defendants argue that, because Ms. Utiuzh acknowledged that she was in possession of the Mercedes-Benz G63, she is an intended beneficiary of the agreements between Plaintiff,

4

CASE NO. 20-24480-CIV-CANNON/Otazo-Reyes

Innovative and Happy Land, and as such is an indispensable party to the cause of action within the meaning of Rule 19 of the Federal Rules of Civil Procedure [ECF No. 18, p. 16]. Defendants acknowledge that, under the forum-defendant rule, 28 U.S.C. § 1441(b)(2), adding Ms. Utiuzh as a party would deprive the Court of diversity jurisdiction because Ms. Utiuzh is a resident of Florida, the state in which the action is brought [ECF No. 18, p. 5].

Rule 19 sets forth a two-part test to determine whether a party is indispensable. *See* Fed. R. Civ. P. 19. First, the court must examine, using the standards of Rule 19(a), whether the person in question is "required." If the person does not meet the Rule 19(a) standard to be deemed "required," then the analysis stops, and the motion to dismiss should be denied. If the party is "required" under Rule 19(a) but joinder is not feasible because, for example, doing so would divest the court of jurisdiction as it would here, then the court must inquire whether, applying the factors in Rule 19(b), the litigation should continue among the existing parties or should be dismissed. Defendants bear the burden as to both prongs of Rule 19. *See Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1347 (11th Cir. 2011).

Defendants have not satisfied their burden to show that Ms. Utiuzh is a required party within the meaning of Rule 19(a). A party is "required" within the meaning of Rule 19(a) if, in that person's absence, the court cannot accord complete relief among the existing parties; if disposing of the action in the person's absence may impair or impede the person's ability to protect its interest in the action; or if disposing of the action in the person's absence will leave an existing party subject to multiple or inconsistent obligations because of the absent party's interest. *See* Fed. R. Civ. P. 19(a)(2)(ii). Defendants have not articulated a basis for why the Court cannot grant complete relief among the existing parties without joining Ms. Utiuzh to the action. Ms. Utiuzh is not a party to any of the consulting agreements allegedly entered into between Plaintiff and Defendants [ECF Nos. 15-1 through 15-3; *see* ECF No. 1-4], and none of those agreements

5

contains any reference that incorporates Ms. Utiuzh as an intended beneficiary. Regardless, even if Ms. Utiuzh is viewed as a third-party beneficiary of an agreement to purchase the Mercedes-Benz G63 because she enjoyed access to the vehicle as Plaintiff's girlfriend and engaged in other acts in reference to the car (including possessing the vehicle as alleged at ECF No. 15-5), that still would not render her a "required" party under Rule 19(a). Indeed, all of the funds used to purchase the vehicles indisputably came from Plaintiff alone [ECF No. 15 ¶ 23]. When the car ultimately was registered by Plaintiff, it was registered in Plaintiff's name alone [ECF No. 20-1]. And all of the tort claims Plaintiff asserts relate to losses he sustained. Moreover, Defendants have not shown why the Court cannot fashion a judgment to resolve the claims between the existing parties without Ms. Utiuzh's joinder, nor have they demonstrated that Ms. Utiuzh has a legally protected interest in the outcome of the litigation. Because the Defendants have failed to establish that Ms. Utiuzh is a required party, the Court will not dismiss the Amended Complaint on this basis.

### B. Motion to Strike Portions of Plaintiff's Amended Complaint under Rule 12(f)

Defendants move to strike paragraphs 4, 8-17, and 26 from the Amended Complaint, arguing that those allegations are irrelevant to any of the counts as pleaded and are prejudicial to Sergey Slastikhin and Svetlana Slastikhin [ECF No. 18, pp. 16-17]. Under Federal Rule of Civil Procedure 12(f), the district court may strike from a pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *See* Fed. R. Civ. P. 12(f). Yet, "courts consider striking a pleading to be a 'drastic remedy to be resorted to only when required for the purposes of justice.'" *Exhibit Icons, LLC v. XP Companies, LLC*, 609 F. Supp. 2d 1282, 1300 (S.D. Fla. 2009) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962)). As such, a motion to strike will usually be denied unless "the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Seibel v. Soc'y Lease, Inc.*, 969 F. Supp. 713, 715 (M.D. Fla. 1997).

As stated in open court at the hearing on this Motion, although the Court questions the relevance of various allegations in the Amended Complaint to the causes of action pleaded in Counts 1 through 5, the Court does not see a sufficient basis at this stage, under the applicable legal standard, to strike those allegations outright under Rule 12(f).  Plaintiff is permitted to revisit the relevance of these allegations in a future motion *in limine*, as appropriate, and any discovery-related issues that may arise from the inclusion of those paragraphs in the Amended Complaint will be subject to the normal scope of discovery as dictated by Rule 26(b).

### C. Motion to Dismiss Counts 1, 2, 4, and 5 for Failure to State a Claim under Rule 12(b)(6)[1]

#### a. Count 1 – Civil Theft (Against Sergey Slastikhin and Svetlana Slastikhin)

Count 1 alleges civil theft against Defendants Sergey Slastikhin and Svetlana Slastikhin [ECF No. ¶¶ 41-44].  Count 1 re-alleges paragraphs 1-40 of the Amended Complaint and then states vaguely that Sergey and Svetlana Slastikhin "have knowingly and permanently deprived Andrey Ermolaev of fungible property that belongs to him when they took his money and failed to deliver the aforementioned Mercedes G63 AMG and the Mercedes GLE450" [ECF No. 15 ¶ 42]. Count 1 further alleges in general terms that Defendants deprived Plaintiff "of funds and other property belonging to him" [ECF No. 15 ¶ 44].

In order to establish an action for civil theft, plaintiff must allege that the defendant:

> (1) knowingly; (2) obtained or used, or endeavored to obtain or use, the plaintiff's property; (3) with felonious intent; (4) to deprive plaintiff of its right to or a benefit from the property or appropriate the property to the defendant's own use or to the use of a person not entitled to the use of the property.

*Hawthorne v. Lyons*, 192 So. 3d 1279, 1280 (Fla. Dist. Ct. App. 2016) (quoting *Howard v. Murray*, 184 So. 3d 1155, 1168 n.24 (Fla. Dist. Ct. App. 2015)).

---

[1] As noted, Defendants do not seek to dismiss Count 3.

Defendants argue that Count 1 fails to state a claim for civil theft because (1) it lacks a clear identification of what property was actually taken, who took it, and when it was taken; (2) it fails to allege the requisite criminal intent to support a civil theft claim; and (3) its rendered even more deficient by the apparent inconsistency between, on the one hand, Plaintiff's allegation that Defendants failed to deliver two vehicles, and, on the other, the allegation that Plaintiff's girlfriend was in possession of at least one of the vehicles [ECF No. 18, pp. 10-11]. Further, Defendants argue that the Amended Complaint contains conclusory statements about civil theft as it relates to the second of the two vehicles, the Mercedes-Benz GLE 450 [ECF No. 18, p. 11].

As currently pleaded, the Amended Complaint is due to be dismissed. Although Count 1 vaguely references "fungible property that belongs" to Plaintiff and "other" unspecified "property," it fails to identify the actual property that was taken. Even construing Plaintiff's allegations in the light most favorable to Plaintiff, it remains unclear whether, as pleaded, Count 1 refers to cash only (and if so, how much cash), cash plus car or cars, or what other "fungible property" and/or "other property" forms the basis of Count 1. Nor does Count 1 give notice of when the unspecified property was allegedly taken. For these reasons, Count 1 cannot stand as currently pleaded. Nor is Count 1 cured by its incorporation of the earlier allegations in paragraphs 1-40 of the Amended Complaint [ECF No. 15 ¶ 41]. The complaint refers to at least two different amounts of money in earlier paragraphs, and at least to two separate vehicles [*e.g.*, ECF No. ¶ 20 ($1,012,124.00; ECF No. ¶ 23 (referencing "roughly $150,000.00")]. Neither the Court nor Defendants are required to parse the pleading or its incorporated allegations searching for allegations that conceivably could form the basis of each of Plaintiff's claims. *See generally Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1322 & n.12 (11th Cir. 2015).

### b.  Count 2 – Conversion (Against Sergey Slastikhin)

The same pleading deficiencies in Count 1 appear in Count 2 and require dismissal. Count 2 alleges conversion against Defendant Sergey Slastikhin in connection with "the money" that Plaintiff sent to Sergey Slastikhin [ECF No. 15 ¶ 46]. Count 2 also refers in general terms to Sergey Slastikhin charging Plaintiff "money for services that Plaintiff never contracted for" [ECF No. ¶ 46]. Count 2 does not specify the amount of money that Sergey Slastikhin allegedly converted, nor does it provide anything other than a vague reference to "money for services" that Plaintiff allegedly paid for but never received.

Under Florida law, conversion is the "exercise of wrongful dominion or control over property to the detriment of the rights of the actual owner." *Seymour v. Adams*, 638 So. 2d 1044, 1046–47 (Fla. Dist. Ct. App. 1994). A conversion claim for money also requires proof that the funds are "specific and identifiable." *Allen v. Gordon*, 429 So. 2d 369, 371 (Fla. Dist. Ct. App. 1983). "Money is capable of identification where it is delivered at one time, by one act and in one mass, or where the deposit is special and the identical money is to be kept for the party making the deposit, or where wrongful possession of such property is obtained." *Belford Trucking Co. v. Zagar*, 243 So. 2d 646, 648 (Fla. Dist. Ct. App. 1970).

Defendants argue that Plaintiff's claim for conversion in Count 2 really pertains to the breach of contract in Count 3 [ECF No. 18, p. 12]. Defendants further contend that Plaintiff has not alleged a wrongful deprivation of his property or a demand for its return [ECF No. 18, p. 12]. In the Court's view, although those particular arguments do not merit dismissal of Count 2, Count 2 nevertheless is deficient because it fails to give adequate notice of the basic factual basis underlying any alleged conversion. All it alleges is that Defendant Sergey Slastikhin "charged Plaintiff money for services that Plaintiff never contracted for," and then it makes another vague reference to Defendant Sergey Slastikhin committing "wrongful acts inconsistent with the property

CASE NO. 20-24480-CIV-CANNON/Otazo-Reyes

rights of the Plaintiff" [ECF No. 15 ¶¶46-48]. These allegations are exceedingly vague and conclusory. Moreover, even the attenuated reference to a possible demand for return of the Mercedes-Benz G63 as pleaded in paragraph 39 of the Amended Complaint does not allege anything about a demand for return of the Mercedes-Benz GLE450.

### c. Count 3 – Breach of Contract (Against Happy Land and Innovative)

Defendants do not seek to challenge Count 3 and the Court will not dismiss it. However, like much of the Amended Complaint, Count 3 is vague. Should Plaintiff file an Amended Complaint, it would it behoove Plaintiff to provide at least some factual allegations to identify the alleged material breach(es) asserted in Count 3.

### d. Count 4 - Piercing Corporate Veil (Against Sergey Slastikhin and Svetlana Slastikhin)

Count 4 seeks to hold Defendants Sergey Slastikhin and Svetlana Slastikhin personally liable for any misconduct conducted by Happy Land and Innovative [ECF No. 15 ¶¶ 54-60]. The basis of Count 4 is that Sergey Slastikhin "dominated and controlled the respective corporate entities to such an extent, that the business entities were non-existent" [ECF No. 15 ¶ 32]. Count 4 also asserts in conclusory and circular fashion that "[t]he corporate form Happy Land FL LLC and Innovative Technologies & Consulting Limited Corp. had no other purpose than to be used for the improper purpose of scamming Andrey Ermolaev" [ECF No. ¶ 59].

To "pierce the corporate veil," three factors must be proven: (1) the shareholder dominated and controlled the corporation to such an extent that the corporation's independent existence was in fact non-existent and the shareholders were in fact alter egos of the corporation; (2) the corporate form must have been used fraudulently or for an improper purpose; and (3) the fraudulent or improper use of the corporate form caused injury to the claimant. *See Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1349 (11th Cir. 2011) (citing *Gasparini v. Pordomingo*, 972

So. 2d 1053, 1055 (Fla. Dist. Ct. App. 2008); *see also Dania Jai-Alai Palace, Inc. v. Sykes*, 450 So. 2d 1114, 1120 (Fla. 1984) ("The corporate veil will not be penetrated either at law or in equity unless it is shown that the corporation was organized or employed to mislead creditors or to work a fraud upon them."). Unless it is shown that "a corporation was formed, or at least employed, for an unlawful or improper purpose—as a subterfuge to mislead or defraud creditors, to hide assets, to evade the requirements of a statute or some analogous betrayal of trust, the corporate veil cannot be pierced." *Lipsig v. Ramlawi*, 760 So. 2d 170, 187 (Fla. Dist. Ct. App. 2000).

Defendants argue that Plaintiff does not identify Sergey Slastikhin's affiliation with Happy Land and Innovative, or how the corporations themselves were used for a fraudulent purpose [ECF No. 18, p. 13]. Moreover, Defendants argue that this claim should be dismissed because it seeks to hold Svetlana Slastikhin responsible for the actions of the Defendant corporations when Count 4 does not allege her to be an officer of those entities or to even have controlled those entities [ECF No. 18, p. 14].

The Court agrees with Defendants that Count 4 fails to allege a plausible claim for relief sufficient to pierce the corporate veil under Florida law. Count 4 alleges that Sergey Slastikhin dominated and controlled Happy Land and Innovative, and it asserts that the corporate forms "had no other purpose than to be used for the improper purpose of scamming Andrey Ermolaev" [ECF No. 15 ¶¶ 58-59]. Beyond those conclusory allegations, Count 4 does not contain any relevant factual allegations from which to draw a reasonable interference that the corporate form itself was formed as "subterfuge to mislead or defraud creditors, to hide assets, to evade the requirements of a statute or some analogous betrayal of trust." *See Aztec Motel, Inc. v. State ex rel. Faircloth,* 251 So. 2d 849, 852 (Fla. 1971). Instead, Plaintiff simply alleges that Sergey Slastikhin himself committed tortious acts and dominated the corporate entities [ECF No. 15 ¶¶ 23-26]. As the Eleventh Circuit has explained, "[i]n veil-piercing cases, the focus is not on an

owner's personal misconduct, but on whether the corporate form itself was abused." *Eitzen Chem. (Singapore) PTE, Ltd. v. Carib Petroleum*, 749 F. App'x 765, 772 (11th Cir. 2018). Without more, Plaintiff's conclusory allegations in Count 4 are insufficient to pierce the corporate veil—even more so as to Svetlana Slastikhin, who is not even alleged to be a member or an officer of the corporate entities.

      e.  **Count 5 – Fraud (Against Sergey Slastikhin and Svetlana Slastikhin)**

Count 5 asserts an action for fraud under Florida common law, alleging that "Defendant Sergey and Svetlana Slastikhin knew their statements were not true when, on or around February 2020, they offered [to] procure the Mercedes-Benz GLE and the Mercedes-Benz G63 AMG for Andrey Ermolaev" [ECF No. 15 ¶ 62]. To succeed on a claim of fraud, a Plaintiff must prove: "(1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in reliance on the representation." *Butler v. Yusem*, 44 So. 3d 102, 105 (Fla. 2010). Federal Rule of Civil Procedure 9(b) imposes a heightened pleading standard requiring a plaintiff to plead with particularity the allegations that formed the fraud, including the precise statements made, the time, place, and person responsible for the statements, the content and manner in which those statements misled the Plaintiff, and what defendants gained by the alleged fraud. *Brooks*, 116 F.3d at 1380–81.

Defendants argue that the allegations in Count 5 do not satisfy the specificity required by Rule 9(b), especially as relates to the Mercedes-Benz GLE 450 [ECF No. 18, pp. 14-15]. The Court agrees. Count 5 refers in generalized terms to false "statements" about an "offer[]" to "procure" two vehicles and further alleges that Plaintiff was misled into believing the vehicles belonged to him [ECF No. ¶ 62]. That overall reference about an offer to procure vehicles may well be true, but as pleaded, it identifies only a promise of future action, not "a statement

concerning a past or existing fact." *Mejia v. Jurich*, 781 So. 2d 1175, 1177 (Fla. Dist. Ct. App. 2001). Thus, as pleaded, Plaintiff does not meet the standard required to establish a claim of fraud by specifying exactly what false statements were made, when, and by whom.

IV. **Conclusion**

Being fully advised in the premises, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Dismiss the Amended Complaint [ECF No. 18] is **GRANTED IN PART** and **DENIED IN PART.**

2. Counts 1, 2, 4, and 5 of the Amended Complaint are **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 12(b)(6).

3. Defendants arguments with respect to Rule 12(b)(7) and (f) are rejected.

4. Plaintiff shall have **one final opportunity** to file an amended pleading, but he must do so on or before **May 7, 2021**.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 15th day of April 2021.

AILEEN M. CANNON
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record