UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-24480-CIV-CANNON/OTAZO-REYES

ANDREY ERMOLAEV,

    Plaintiff,

v.

HAPPY LAND FL, LLC, INNOVATIVE
TECHNOLOGIES & CONSULTING LIMITED CORP.,
SERGEY SLASTIKHIN, and SVETLANA
SLASTIKHIN

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Plaintiff Andrey Ermolaev's ("Plaintiff") Motion for Entry of Consent Judgment [D.E. 89]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Aileen M. Cannon, United States District Judge [D.E. 91].

On January 24, 2022, Plaintiff and Defendants Svetlana Slastikhin ("Mrs. Slastikhin"), Sergey Slastikhin ("Mr. Slastikhin"), Happy Land FL, LLC and Innovative Technologies & Consulting (collectively, "Defendants") filed a Joint Stipulation of Dismissal along with a redacted copy of their Settlement Agreement. See Notice of Compliance and Redacted Settlement Agreement [D.E. 78 & 78-1]. On January 27, 2022, the Court adopted the parties' Joint Stipulation of Dismissal, while retaining jurisdiction to enforce the Settlement Agreement. See Order Adopting Joint Stipulation of Dismissal [D.E. 79]. Ultimately, Defendants did not pay under the Settlement Agreement and Plaintiff filed a Motion for Order to Show Cause [D.E. 80].

On March 31, 2022, the undersigned held an initial hearing on Plaintiff's Motion to Show Cause [D.E. 80] and issued an Order Setting Show Cause Hearing Why Defendants Should Not Be Held in Contempt of Court (hereafter, "Order Setting Show Cause Hearing") finding that the Settlement Agreement has been converted to a Consent Decree by operation of law and requiring Mrs. Slastikhin to appear individually and Mr. Slastikhin to appear individually and as corporate representative of Defendants Happy Land FL, LLC and Innovative Technologies & Consulting. See Order Setting Show Cause Hearing [D.E. 87].

On April 21, 2022, the undersigned held the Show Cause Hearing, at which Mr. Slastikhin and Mrs. Slastikhin testified via zoom video conference. See Paperless Minute Entry [D.E. 88]. At the conclusion of the Show Cause Hearing, the undersigned found that, although non-payment of the settlement proceeds was undisputed, the evidence presented did not support a finding of contempt as to either Mr. Slastikhin or Mrs. Slastikhin. However, the undersigned noted that Plaintiff would have the option of turning the Consent Decree into a judgment to allow for the commencement of judgment collection procedures. Plaintiff now seeks entry of a Consent Judgment in the total settlement amount of $150,000.00 [D.E. 89 at 1 & 4].

Based on the foregoing considerations, the undersigned concludes that Plaintiff is entitled to the entry of a Consent Judgment in the total settlement amount of $150,000. Accordingly, the undersigned RESPECTFULLY RECOMMENDS that the Court GRANT Plaintiff's Motion for Entry of Consent Judgment and retain jurisdiction to enforce the Consent Judgment.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen (14) days** from the date of receipt of this Report and Recommendation within which to serve and file objections, if any, with the Honorable Aileen M. Cannon, United States District Judge. See Local Magistrate Rule 4(b). Failure to timely file objections shall bar the parties from attacking on appeal the factual

findings contained herein.  See Resolution Trust Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).  Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."  See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida, this 17th day of May, 2022.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

Copies to:

United States District Judge Aileen M. Cannon
Counsel of Record