UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 20-24480-CIV-CANNON/Otazo-Reyes

**ANDREY ERMOLAEV**,

    Plaintiff,
v.

**HAPPY LAND FL, LLC,**
**INNOVATIVE TECHNOLOGIES & CONSULTING LIMITED CORP**,
**SERGEY SLASTIKHIN**,
and **SVETLANA SLASTIKHIN**,

    Defendants.
_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION

**THIS CAUSE** comes before the Court upon Magistrate Judge Alicia M. Otazo-Reyes's Report and Recommendation (the "Report") [ECF No. 94], entered on May 17, 2022. The Report recommends that Plaintiff's Motion for Judgment Based on Consent Decree [ECF No. 89] be granted. The Court has conducted a de novo review of the Report, Defendants' Objections to the Report [ECF No. 95], Plaintiff's Response [ECF No. 98],[1] and the full record. Following that review, the Court **ACCEPTS** the Report and **GRANTS** Plaintiff's Motion for Judgment Based on Consent Decree [ECF No. 89].

On January 13, 2022, the parties filed a Joint Stipulation for Dismissal, in which the parties requested that the Court retain jurisdiction of their Settlement Agreement [ECF No. 74]. Under the terms of the Settlement Agreement, Defendants were required to pay $150,000.00 to Plaintiff by February 11, 2022 [ECF No. 78-1 p. 2].

---

[1] Plaintiff does not object to the Report and Recommendation [ECF No. 98].

On January 27, 2022, the Court entered an Order Adopting the parties' Joint Stipulation for Dismissal and retained jurisdiction "solely to enforce the terms of the settlement agreement" [ECF No. 79 p. 1]. It is undisputed that Defendants did not pay the amount owed by the February 11, 2022, deadline, and as a result, Plaintiff filed a Motion for Order to Show Cause [ECF No. 80].

On March 31, 2022, Magistrate Judge Otazo-Reyes held an initial hearing on Plaintiff's Motion for Order to Show Cause [ECF No. 80] and issued an Order Setting Show Cause Hearing Why Defendants Should Not Be Held in Contempt of Court [ECF No. 87]. In that Order, the Magistrate found that the parties' Settlement Agreement had been "converted to a Consent Decree by operation of law" and required Defendants to attend a Show Cause hearing to explain why Defendants "should not be held in contempt of court for failing to make the required payment pursuant to the parties' Settlement Agreement" [ECF No. 87 p. 2].

On April 21, 2022, the Magistrate held the Show Cause hearing, ultimately finding that, "although non-payment of the settlement proceeds was undisputed," the evidence presented did not support a finding of contempt [ECF No. 90 p. 2]. The Magistrate subsequently explained in an Order following the hearing that "Plaintiff is free to pursue collection remedies and the institution of proceedings supplementary with respect to the Settlement Agreement, which has been converted to a Consent Decree by operation of law" [ECF No. 90 p. 3]. Accordingly, after the Show Cause hearing concluded on April 21, 2022, Plaintiff filed a Motion for Judgment Based on Consent Decree, requesting that the Court "enter a consent judgment based on the consent decree of $150,000.00" [ECF No. 89 p. 2].

On May 5, 2022, Defendants filed a Response in Opposition, admitting that "[d]ue to extreme financial hardship, the Defendants did not pay the one lump-sum payment," but arguing that the "appropriate remedy for the Plaintiff is a breach of contract arising out of breach of the

settlement agreement, not a consent judgment" [ECF No. 92 p. 2]. Defendants argue that Plaintiff "provided no caselaw" to support his request for a consent decree and maintain that if the Court grants Plaintiff's motion, "the Court will be adding terms to the Settlement Agreement to which the Defendants did not agree" [ECF No. 92 pp. 2–3].

In Reply, Plaintiff notes that "turning a consent decree or settlement agreement into a consent judgment is really a ministerial matter that is granted as long as there is no finding that the agreement is unconstitutional, unlawful, unreasonable, or contrary to public policy," which Defendants do not challenge [ECF No. 93 p. 5].

On May 17, 2022, the Magistrate entered a Report, which again concluded that the parties' Settlement Agreement has been converted to a Consent Decree by operation of law and recommended that the Court grant Plaintiff's Motion for Entry of Consent Judgment [ECF No. 89] and retain jurisdiction to enforce the Consent Judgment [ECF No. 94 p. 2].

On May 31, 2022, Defendants filed their Objections to the Report [ECF No. 95]. Defendants' Objections contain an almost word-for-word repetition of Defendants' earlier briefing [ECF No. 92], with the only addition being (1) an acknowledgment that the Magistrate entered a Report recommending that Plaintiff's Motion for Entry of Consent Judgment be granted, and (2) a statement by Defendants that "[t]he Magistrate's recommendation is clearly erroneous or contrary to law" [ECF No. 95 p. 2]. As Plaintiff correctly notes in his Response to Defendants' Objections [ECF No. 98 p. 1], Defendants fail to specify any error contained in the Magistrate's Report, simply copying and pasting their original arguments in the Objections.

For this reason alone, Defendants' Objections are legally insufficient and will be overruled. *See Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) (explaining that "[p]arties filing objections to a magistrate's report and recommendation must specifically identify those findings

objected to," and that district courts need not consider "[f]rivolous, conclusive, or general objections"); *see also* Local Magistrate Rule 4(b) (requiring that written objections "specifically identify the portions of the proposed findings, recommendations or report to which objection is made, the specific basis for such objections, and supporting legal authority"). Therefore, the Court overrules Defendants' generalized Objections, which fail to identify, or present any coherent argument on, any specific finding by the Magistrate Judge.

Even if Defendants had raised a proper objection—which, in this case centers on Defendants' dispute as to whether a consent decree had been formed—the Court determines that the Magistrate correctly found that the parties' Settlement Agreement had been converted, by operation of law, to the functional equivalent of a consent decree. As the Eleventh Circuit has explained, "even absent the entry of a formal consent decree, if the district court either incorporates the terms of a settlement into its final order of dismissal or expressly retains jurisdiction to enforce a settlement, it may thereafter enforce the terms of the parties' agreement." *Am. Disability Ass'n, Inc. v. Chmielarz*, 289 F.3d 1315, 1320 (11th Cir. 2002). "A formal consent decree is unnecessary in these circumstances because the explicit retention of jurisdiction or the court's order specifically approving the terms of the settlement are, for these purposes, the functional equivalent of the entry of a consent decree." *Id*. In this case, the Court's January 27, 2022 Order Adopting the Joint Stipulation for Dismissal expressly retained jurisdiction "to enforce the terms of the settlement agreement" [ECF No. 79 p. 1], thereby effecting "precisely the same result as would have been achieved pursuant to a consent decree." *Am. Disability Ass'n, Inc.*, 289 F.3d at 1321. Accordingly, the Court finds no clear error in the Magistrate Judge's Report.

CASE NO. 20-24480-CIV-CANNON/Otazo-Reyes

## CONCLUSION

For the reasons stated above, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Report [ECF No. 94] is **ACCEPTED**.

2. Plaintiff's Motion for Judgment Based on Consent Decree [ECF No. 89] is **GRANTED**.

3. In accordance with Federal Rule of Civil Procedure 58, Consent Judgment will be entered by separate order.

4. The Court retains jurisdiction of this action for the sole purpose of enforcing the Consent Judgment.

5. This case remains **CLOSED**.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida this 22nd day of June 2022.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record